

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Burton S. Burks
District Attorney
Lubbock, Texas

Dear Sir:

Opinion No. O-5514
Re: Was the office of assistant
district attorney of the
72nd Judicial District of
Texas abolished by the mere
failure of the Legislature
to make an appropriation
for his salary? And other
related questions.

Your letter of June 16, 1943, requesting the opinion of this department on the questions stated therein reads in part as follows:

"Having been advised more or less unofficially that the recent Legislature failed to make an appropriation for the salary of the Assistant District Attorney of the 72nd Judicial District, I desire an opinion from your department as to:

"First: whether the office of Assistant District Attorney of the 72nd Judicial District was abolished by the mere failure of the Legislature to make an appropriation;

"Second: Assuming that the office has not been abolished, would it be legal for the Commissioners Court of the several counties composing the 72nd Judicial District to authorize the employment of such Assistant and pay him such sum as they may direct within the Statutory limitations;

"Third: In the event the counties other than Lubbock County, or any of them, should decline to

authorize such employment would it be legal for
the Commissioners Court of Lubbock County to au-
thorize the employment of such Attorney at a
salary of $1800.00 per annum to be paid entirely
by Lubbock County under a stipulation that the
services rendered by such Assistant should be
rendered in Lubbock County alone.

## "STATEMENT OF FACTS

"The 72nd Judicial District is composed of
Lubbock, Crosby, Hockley and Cochran counties. In
Lubbock County there are two District Courts, the
72nd (the terms of which were made continuous in
all four counties by the last Legislature) and the
99th District Court whose jurisdiction covers
Lubbock County only. Both of said District Courts
exercise concurrent criminal jurisdiction. In
both Courts grand juries are called from time to
time as needed and in the past it has frequently
occurred that grand juries and/or criminal court
proceedings are had simultaneously in both courts.
While it might be possible to avoid having two
grand juries in session in the two District Courts
at one time, it would hardly be possible to avoid
having criminal cases to try in one Court at the
same time that the grand jury would be in session
in the other. This is mentioned to show the ne-
cessity of having an Assistant, it being a physi-
cal impossibility for the District Attorney alone
to properly handle all of the business in both
courts. In further support of the statement just
made, the 1940 census shows the population of the
four counties to be 78,256, of which 52,365 resi-
dents live in Lubbock County. Since the 1940
census two Army Air Bases have been established
in Lubbock County and that together with the
natural growth of the County has created such an
increase in population in this territory that it
is now estimated that there are at least 90,000
people in the four counties composing this Dis-
trict.

"The office of Assistant District Attorney
of the 72nd Judicial District was created in March,

1929. The act creating such office appears in the RCS as Article 362-L.

"In addition to that Article authorizing the office of Assistant Attorney, I find that Article 3902 RCS, as amended by the Acts of 1939, 46th Legislature Special Laws pp. 740, provides that 'whenever any District, County or Precinct officer shall require the service of deputies, assistants or clerks in the performance of his duties, he shall apply to the County Commissioners Court of his County for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid * * * '. Said Article further provides the requisites of the application and the action to be taken by the Commissioners Court, including the setting of the salary within certain specified limitations according to population of the county.

"  . . . . "

Article 326-L Vernon's Annotated Civil Statutes, provides:

"Sec. 1. The District Attorney of the 72nd Judicial District of Texas, is hereby authorized to appoint one Assistant District Attorney.

"Sec. 2. The Assistant District Attorney provided for in Section 1 of this Act shall be a duly licensed Attorney at Law and shall be a bona fide resident of one of the counties composing the said 72nd Judicial District. Said Assistant District Attorney, when appointed, shall take the oath of office and shall be authorized to represent the State in any Court or proceeding in which the District Attorney is or shall be authorized to represent the State, said authority to be exercised by said Assistant under the direction of the District Attorney. The District Attorney shall have the power and authority to dismiss said Assistant, at his discretion, and to appoint another person to fill out the unexpired term, provided that any person appointed to fill out said term, shall possess the same qualifications as above mentioned.

"Sec. 3. The Assistant District Attorney
provided for in Section 1 of this Act shall re-
ceive an annual salary of $2,500.00, payable
monthly, out of any money not otherwise appro-
priated, upon the sworn account of such Assistant
District Attorney, approved by the District
Attorney."

The Act creating the 99th Judicial District of
Texas among other things provides:

"The District Attorney in and for the 72nd
Judicial District shall act also as the District
Attorney for the District Court herein established
and created."

(Article 199, Vernon's Annotated Civil Statutes).

"Article 3902, Vernon's Annotated Civil Statutes, is
a general statute providing for the appointment of deputies,
assistants, or clerks by a district, county or precinct offi-
cer. Article 326-L, Vernon's Annotated Civil Statutes, is a
specific statute regarding the District Attorney of the 72nd
Judicial District providing for the appointment of an as-
sistant district attorney. We think that in this specific
case the specific statute more clearly evidences the inten-
tion of the Legislature than the general one, and that it
will control. It is our opinion that Article 3902, supra,
does not authorize the District Attorney of the 72nd Judicial
District of Texas to appoint an assistant district attorney.

We have made a careful search of the appropriation
bills enacted by the 48th Legislature, Regular Session, 1943,
and failed to find any appropriation from which the salary of
the Assistant District Attorney of the 72nd Judicial District
of Texas can be paid. It is our opinion that the mere fail-
ure of the Legislature to make an appropriation to pay the
salary of the said Assistant District Attorney does not abol-
ish the office. There is no available appropriation at this
time from which the said Assistant District Attorney can be
paid for the fiscal years ending August 31, 1944, and August
31, 1945.

Considering Articles 3902 and 326-L, Vernon's Anno-
tated Civil Statutes, it is our opinion that the rule of

Honorable Burton S. Burks,   Age 5


construction where one of the supposedly conflicting stat-
utes is general in its terms and the other specific, in
such a case it is universally held that the specific stat-
ute more clearly evidences the intention of the Legislature
than the general one and that the specific statute will
control.   In such a case both statutes are permitted to
stand, the general one applicable to all cases except the
particular one embraced in the specific statute.

In view of the foregoing each of the above stated
questions is answered in the negative.


Yours very truly

ATTORNEY GENERAL OF TEXAS


By  (s)  Ardell Williams
Assistant


AW:mp:ff


APPROVED JUL. 6, 1943                    APPROVED
(s)  Gerald C. Mann                      Opinion Committee
ATTORNEY GENERAL OF TEXAS                By  B.W.B.  Chairman